

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**
JUN 1 2 2012
Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. **12 CR 115 CVE** |
| Plaintiff, | ) | |
| | ) | **INFORMATION** |
| | ) | [COUNT 1: 18 U.S.C. § 1343: |
| v. | ) | Wire Fraud; Forfeiture Allegation: |
| | ) | 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. |
| WESLEY SCOTT McGINNESS, | ) | § 2461(c) - Wire Fraud Forfeiture; |
| | ) | COUNT 2: 26 U.S.C. § 7206(1): |
| Defendant. | ) | Subscribing False Tax Return] |

THE UNITED STATES ATTORNEY CHARGES:

## COUNT ONE
[18 U.S.C. § 1343]

From on or about January 13, 2003, to on or about December 14, 2010, in the Northern District of Oklahoma and elsewhere, the defendant **WESLEY SCOTT McGINNESS** ("Defendant **McGINNESS**"), devised and intended to devise a scheme and artifice to defraud the H.O.W. Foundation of Tulsa, Oklahoma ("H.O.W."), through the use of checks drawn on accounts H.O.W. maintained at the Bank of Oklahoma, N.A., in Tulsa, Oklahoma ("BOK"), to pay personal credit card debts of Defendant **McGINNESS** without the authorization of the H.O.W. board of directors, and for the purpose of executing such scheme and artifice to defraud, knowingly caused writings, signs and signals to be transmitted in interstate commerce by means of wire communications between BOK and the banks of the credit card companies located out of the State of Oklahoma which had received the H.O.W. checks, thereby causing a loss to H.O.W. of approximately $1,359,714.

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION
### [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of the wire fraud scheme alleged in Count One of this Information, as part of his sentence, the defendant, **WESLEY SCOTT McGINNESS**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the wire fraud scheme. A criminal forfeiture money judgment shall also be entered in a sum of at least $1,359,714.89 in United States Currency, representing proceeds of the wire fraud scheme.

Pursuant to Title 21, United States Code, Section 853(p), as adopted by Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property, up to the value of the property described above, if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, including but not limited to:

**PROCEEDS OF FINANCIAL ACCOUNTS AND INSTRUMENTS:**

a. Proceeds of Ford Money Market Fund Account Number 9071069599;

      b.      Proceeds of Bank of Commerce Account Number 686126861;

      c.      Proceeds of Security Bank Certificate of Deposit Number 27150 in the name of HOW Foundation, Inc.; and

      d.      Proceeds of Security Bank Certificate of Deposit Number 27312 in the name of HOW Foundation, Inc.

All in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

## COUNT TWO
### [26 U.S.C. § 7206(1)]

On or about April 15, 2009, in the Northern District of Oklahoma, defendant **WESLEY SCOTT McGINNESS** ("Defendant **McGINNESS**") knowingly and willfully subscribed an income tax return, Form 1040, for the calendar year 2008, which contained and was verified by a written declaration that it was made under the penalties of perjury, which was filed with the Internal Revenue Service, and which Defendant **McGINNESS** did not believe to be true and correct as to every material matter, in that Defendant **McGINNESS** reported, on Line 21, "Other Income" in the amount of $944,083.00 when, as Defendant **McGINNESS** then knew, during the calendar year 2008 he had received additional "Other Income" in the approximate amount of $318,450.68 which also should have been reported on Line 21.

Respectfully submitted,

THOMAS SCOTT WOODWARD
UNITED STATES ATTORNEY

Kevin C. Leitch
Assistant United States Attorney